IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00620-GPG

KENNETH-WILLIAM LEWIS,

    Plaintiff,

v.

KENNETH WILLIAM LEWIS, et al.,

    Defendant(s).

## ORDER DIRECTING PLAINTIFF TO AMEND COMPLAINT

    Plaintiff, Kenneth-William Lewis, is currently living in Colorado Springs, Colorado. He initiated this action on March 16, 2016 by filing *pro se* a "Notice of and Bill of Demand for Declaratory Relief and Preliminary Injunction by Special Term" (ECF No. 1) and a "Declaration by Affidavit for Waiver of Court Fees" (ECF No. 3). This case was initiated the day after his previous case in this court, *Lewis v. Lewis*, 16-mc-00027-MEH, was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or comply with the rules of civil procedure. *See Lewis*, 16-mc-000-27-MEH (ECF No. 10).

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court determined that the submitted documents were deficient.  On March 17, 2016, the Court ordered Plaintiff to cure certain designated deficiencies if he wished to pursue any claims in this action. (ECF No. 4).  Specifically, Plaintiff was ordered to submit an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

on the court-approved form or else pay the $400.00 filing fee.  Additionally, the Court ordered Mr. Lewis to file his Complaint on the proper court-approved form.

In response to the Court's March 17, 2016 Order, Plaintiff submitted an IFP Motion (ECF No. 5) and Amended Complaint (ECF No. 6) on the court-approved forms. He has been granted leave to proceed *in forma pauperis*. (ECF No. 7).

The court must construe the amended complaint liberally because Mr. Lewis is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Lewis will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The Amended Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The pleading requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. The Amended Complaint is vague and unintelligible.

As an initial matter, Mr. Lewis has not met his burden of establishing federal subject matter jurisdiction. "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Lewis states that jurisdiction is based on "Article 3, section 2, subdivision 1 of the U.S.A. Constitution, Court of Equity, Uniform Declaratory Judgements Act, Rule 57 of the F.R.C.P., Judiciary Act 1789, Judicature Act 1873."

Liberally construing the jurisdictional statement by Mr. Lewis, it indicates he is asserting claims pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, it is unclear what federal or constitutional right the Defendant, which is a simple trust that has the same name and is for the benefit of the Plaintiff, violated.

Additionally, Mr. Lewis does not allege facts that demonstrate the court has diversity jurisdiction over any state law claims pursuant to 28 U.S.C. § 1332(a), which

provides that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States."  Therefore, Mr. Lewis must file a second amended complaint that identifies the statutory authority that allows the court to consider his claims in this action.

Furthermore, in order to state a cognizable claim in federal court, Mr. Lewis must identify the specific factual allegations that support each claim and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  Neither the court nor the Defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support each asserted claim.

Accordingly, it is

ORDERED that Plaintiff file a Second Amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and the directives in this Order **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Plaintiff shall obtain the proper Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff must use the Court-approved form to file a Second Amended Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to file a Second Amended Complaint within the time allowed as directed, the action will be dismissed without further notice.

DATED April 11, 2016, at Denver, Colorado.

                BY THE COURT:

                s/ Gordon P. Gallagher
                United States Magistrate Judge